# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RYAN VANWINKLE, | ) |
| | ) |
|        **Plaintiff,** | ) |
| | ) |
| v. | )   No. 21-CV-324-RAW |
| | ) |
| COWETA POLICE DEPARTMENT, *et.al.,* | ) |
| | ) |
|        **Defendants.** | ) |

## ORDER

Plaintiff brought this action on October 27, 2021 alleging a violation of his civil rights pursuant to 42 U.S.C. § 1983 and 18 U.S.C. § 1001 claiming as follows:

> Officer Curtis Paslay while on duty provided maliciously exaggerated villainous by providing lies about past convictions in his report to assist Lidia Jaramillo Gonzalez Vanwinkle in obtaining a Protective Order as well as an attempt to bring criminal charges against Ryan Vanwinkle. Officer Fraley while on duty signed agreeing to Officer Paslay's statements as well as included many false statements of his own…[Docket No. 2, p. 4].

Now before the court are motions to dismiss filed by Defendant Coweta Police Department [Docket No. 13], Defendant Scott Fraley [Docket No. 14], and Defendant Curtis Paslay [Docket No. 15] and a Motion to Strike Plaintiff's "Response and Amended Complaint" [Docket No. 23]. Defendants move for dismissal pursuant to Federal Rule of Civil Procedure 12(b) (5) and (6) for insufficient service of process (Fraley and Paslay only) and failure to state a claim upon which relief can be granted. The Motion to Strike requests the court strike Plaintiff's Response and Amended Complaint as untimely and not in compliance with this court's order and local rules LCvR 7.1. The court denies the Motion to Strike and construes Plaintiff's "Response and Amended Complaint" filing [Docket No. 18] as a response to the motions to dismiss.

1

I.      **Standard of Review**

For purposes of the motions to dismiss, the court accepts as true all of the factual allegations in Plaintiff's Complaint and construes those facts in the light most favorable to Plaintiff.  *See Western Watersheds Project v. Michael*, 869 F.3d 1189, 1193 (10th Cir. 2017).  Of course, the court does not accept as true conclusory statements or legal conclusions.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)( "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")).

To survive the Rule 12(b)(6) motions to dismiss, the Amended Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  Plaintiff must nudge his "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted).  In other words, the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.

> [T]he *Twombly / Iqbal* standard is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.  In other words, Rule 8(a)(2) still lives.  Under Rule 8, specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests.

2

*Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235-36 (10th Cir. 2013) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)).

Plaintiff is proceeding *pro se* in this matter. The court construes liberally the pleadings of all *pro se* litigants. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Although *pro se* pleadings are held to a less stringent standard than ones drafted by lawyers, a *pro se* litigant must "'follow the same rules of procedure that govern other litigants.'" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

**Coweta Police Department**

Defendant Coweta Police Department ("CPD") filed it Motion to Dismiss requesting the court dismiss Plaintiff's claims for failure to state a claim upon which relief can be granted. CPD is a department within the City of Coweta and is not a separate entity capable of being sued. *See Ketchum v. Albuquerque Police Dept.*, 958 F.2d 381 (10th Cir. 1992). There is ample case law for the proposition that "[S]heriff's departments and police departments are not usually considered legal entities subject to suit." *See Lindsay v. Thompson,* 550 F.Supp.2d 1285, 1289 (E.D.Okla. 2006); *Martinez v. Winner,* 771 F.2d 424, 444 (10th Cir. 1985).

Further, a governmental entity "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be liable under § 1983 on a *respondeat superior* theory." *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 691 (1978). "Allegations of an isolated incident are not sufficient to show the existence of a custom or policy," as required for a § 1983 claim. *Reed v. Ottawa Cty. Sheriff's Dept.*, 2010 WL 5209260, *2 (N.D. Okla. Dec. 16, 2010) (*citing Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992)).

Plaintiff claims the Defendants "acted out of their own malicious actions with falsities and error knowingly in order to obtain warrants and arrest for make believe criminal acts." Plaintiff does not, however, provide sufficient facts as to the actions of defendants which would give rise to a claim under 42 U.S.C. § 1983.

Further, as CPD points out 18 U.S.C. § 1001 is a federal criminal statute enforced by federal prosecutors and only applies to conduct when it is done "in any matter within the jurisdiction of the executive, legislative, judicial branch of the Government of the United States." 18 U.S.C. § 1001(a). No private right of action exists thereunder. *See Williams v. McCausland,* 791 F. Supp. 922, 1001 (S.D.N.Y. 1992); *Valencia v. Reyna,* 2007 U.S. Dist. LEXIS 59019, 2007 WL 2320077 (D. Ariz. August 10, 2007); and, *McDonald v. Heaton,* 2006 U.S. Dist. LEXIS 40396U (W.D. Okls. June 16, 2006).

The court finds that Plaintiff has failed to identify a constitutional violation perpetrated by the CPD. From Plaintiff's asserted allegations, against the Defendants, it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief against the Coweta Police Department.

For the reasons stated above, the Motion to Dismiss by the Coweta Police Department [Docket No. 13] is GRANTED.

**Pasley and Fraley**

Defendants Scott Fraley and Curtis Paslay filed their Motions to Dismiss [Docket Nos. 14 and 15] requesting that Plaintiff's Complaint be dismissed for insufficient service of process and failure to state a claim under which relief may be granted. Fed.R.Civ.P. 12(b)(5) and (6).

Plaintiff attempted to serve the Summons and Complaint on defendants, Paslay and Fraley by hand-delivering the documents to a third party at their place of employment which is

4

not considered proper service of process pursuant to Fed. R.Civ.P. 4(e).  Rule 12(b)(5) allows a defendant to defend against a claim on the grounds of insufficiency of service.  *Whitsell v. United States,* 198 F.3d 260 (10th Cir.1999) (citation omitted); *See also* Fed.R.Civ.P. 12(b)(5).

Defendants Fraley and Pasley also contend that Plaintiff's claims must be dismissed as plaintiff must assert the violation of a federal right, not merely a violation of a federal law to seek redress under 42 U.S.C. §1983.  *Blessing v. Freestone*, 520 U.S. 329, 340, 117 S.Ct. 1353, 137 L.Ed. 2d 569 (1997).  Plaintiffs claims of Pasley reporting lies and Fraley signing off on the report do not rise to the level of a §1983 claim for violation of civil rights.  Plaintiff provides no specifics regarding the lies and the connection of the lies to any such violation under §1983.

Further, as discussed above, 18 U.S.C. § 1001 is a federal criminal statute and does not provide a private right of action which would apply to the allegations in Plaintiff's Complaint.

The court must accept as true all well-pleaded factual allegations in the complaint and view those allegations in the light most favorable to Plaintiff. *Nixon v. City and County of Denver,* 784 F.3d 1364, 1368 (10th Cir. 2015).  A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The court finds that Plaintiff has had ample opportunity to respond to the motions to dismiss and an invitation by the court to amend the Complaint [Docket No. 17], but has failed to state a claim upon which relief can be granted.  The court cannot construct a satisfactory Complaint on Plaintiff's behalf.  Therefore, the Motions to Dismiss filed by Defendant Scott Fraley [Docket No. 14] and Defendant Curtis Paslay [Docket No. 15] are GRANTED.

**Summary**

For the reasons set forth herein, the Motion to Strike [Docket No. 23] is DENIED. The Motion to Dismiss by Defendant Coweta Police Department [Docket No. 13] is GRANTED. The Motion to Dismiss by Defendant Scott Fraley [Docket No. 14] is GRANTED. The Motion to Dismiss by Defendant Curtis Paslay [Docket No. 15] is GRANTED. Therefore, the case is hereby dismissed.

IT IS SO ORDERED this 23rd day of September, 2022.

_____
RONALD A. WHITE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA